408 A.2d 1141

**COMMONWEALTH of Pennsylvania**

v.

**George SLAUGHTER, Appellant.**

Superior Court of Pennsylvania.

Argued July 10, 1979.

Filed Aug. 17, 1979.

554

Mark E. Kogan, Philadelphia, for appellant.

Sandy L. V. Byrd, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

NIX, Judge:

Appellant appeals from the denial of his motion in arrest of judgment, following a second trial, which sought dismissal of all the charges against him on the ground of double jeopardy. The single question [1] we decide in this appeal is whether a retrial of appellant would be barred by double jeopardy. It is our considered judgment that a retrial of appellant would not offend the protection against double jeopardy.

Appellant's first trial resulted in a mistrial as the result of the Commonwealth's failure to disclose to the defense a statement allegedly made by appellant. Appellant was granted a new trial by the trial court after his second trial because of improper remarks made by the prosecutor during his closing argument.

Appellant relies on the opinion in support of affirmance authored by former Justice Pomeroy in *Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918 (1978) to provide the theory for invoking the double jeopardy clause. In *Potter,* it was held that a retrial would be barred "when the prosecuting lawyer, judged by an objective standard, must be deemed to have been substantially certain that a mistrial would be declared as a result of his questions to witnesses or other conduct at trial." *Id.,* 478 Pa. at 267, 386 A.2d 926. Application of the *Potter* "substantial certainty" requires close attention to the sequence of events and the exact language used by the parties and the trial court. *Id.,* 478 Pa. at 268, 386 A.2d at 926. In *Potter,* it was determined that a review

---

1. Appellant also attempts to argue that the trial court erred in denying his pre-trial motion to suppress; however, in light of the trial court's grant of a new trial, its determination relating to the pre-trial motion need not be considered at this time. Any ruling on the admissibility of this evidence by this Court, at this time, would be premature since this evidence may or may not be introduced at the time of re-trial. If the complained of evidence is in fact used in the re-trial, the objection can be preserved and considered during post-verdict motions after that trial. *See Commonwealth v. Oakes,* 481 Pa. 343, 392 A.2d 1324 (1978); *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. Laudenslager,* 260 Pa.Super. 395, 394 A.2d 985 (1978).

of the record did not support the charges that the prosecutor engaged in conduct intended to abort the trial so as to secure a more favorable opportunity to convict the defendant. *Id.*, 478 Pa. at 272, 386 A.2d 928. In ascertaining whether such intent existed on the part of the prosecutor, the Court made note of the overwhelming evidence tending to establish the defendant's guilt, as a factor militating against the inference that the prosecutor intended to abort the trial in anticipation of more favorable prosecutorial advantage at some later point in time. *Id.*

Assuming arguendo that *Potter* correctly announced a theory of recovery under the double jeopardy clause, even though the earlier trial proceeded to a final determination before the jury then impanelled,[2] we cannot conclude that the prosecutor's remarks, which were confined to his closing statements and which do not indicate a pattern of repeatedly objectionable misconduct permeating the entire trial, were made with any intent to procure a mistrial upon defense motion. The prosecutor made numerous remarks during closing argument, all of which were highly objectionable and were intended to disparage and discredit the appellant's psychiatrist witness. The prosecutor, *inter alia,* referred to the psychiatrist as a "prostitute", a "huckster" and referred to his testimony as "a lot of crap." We strongly condemn such unwarranted and tasteless comments; however, we are not convinced that the record reflects an intention on the part *of the prosecutor* to abort the trial. Our conclusion that the prosecutor did not intend to abort the trial is buttressed by the weight of evidence adduced in this case in support of appellant's conviction for first degree murder.

The remedy of discharge sought by appellant far exceeds the remedy necessary to protect a criminal defendant from the kind of misconduct by the prosecutor as happened in this case. Appellant was properly awarded a new trial, which is all the relief to which he was entitled. *See Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977).

2. But see *Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978).

The order of the Court of Common Pleas denying appellant's motion in arrest of judgment is hereby affirmed.