461 A.2d 1261

**COMMONWEALTH of Pennsylvania**

v.

**Charles J. LAFFERTY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1981.

Filed May 13, 1983.

Reargument Denied July 25, 1983.

Petition for Allowance of Appeal Denied Nov. 28, 1983.

Michael Mustokoff, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on an appeal from an order of the Court of Common Pleas, Criminal Division, of Philadelphia County which denied appellant's Motion to Dismiss on Grounds of Double Jeopardy.

On March 6, 1978, the appellant was convicted by a jury of perjuring himself during a trial on an eminent domain matter. The lower court granted appellant's motion for a new trial based on prosecutorial misconduct. A motion in arrest of judgment was denied, and the denial was affirmed by this Court on March 21, 1980. See *Commonwealth v. Lafferty*, 276 Pa.Superior Ct. 400, 419 A.2d 518 (1980). After an Allocatur to the Supreme Court was refused, the case was tentatively scheduled for re-trial on March 9, 1981. The appellant filed his Motion to Dismiss on Grounds of Double Jeopardy on March 2, 1981. (This is the date of filing according to the docket entries in the record. The appellant's brief and the lower court opinion state this date to be February 27, 1981.) That motion was denied after an

evidentiary hearing, and appellant lodged this appeal on May 20, 1981. A stay of the lower court's order to proceed with a new trial was ordered by the Superior Court and affirmed by the Supreme Court.

The Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution both protect defendants from being placed twice in jeopardy. This does not mean, however, that a defendant shall never be tried twice for the same offense. Generally, where the defendant himself urges a new trial on post-trial motions, the double jeopardy clause does not bar a subsequent prosecution, even when the motion is prompted by prosecutorial misconduct. *Commonwealth v. Hogan*, 482 Pa. 333, 393 A.2d 1133 (1978). The United States Supreme Court has held, however, the double jeopardy will bar retrial if the prosecutorial misconduct amounts to overreaching. *U.S. v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). There are generally two types of prosecutorial misconduct which will bar subsequent prosecutions. "First, there is the prosecutorial misconduct which is designed to provoke a mistrial in order to secure a second, perhaps more favorable, opportunity to convict the defendant. Second, there is the prosecutorial misconduct undertaken in bad faith to prejudice or harass the defendant." *Commonwealth v. Starks*, 490 Pa. 336, 341, 416 A.2d 498, 500 (1980).

Our task is to determine whether the prosecutorial misconduct which resulted in the granting of a new trial was deliberately engaged in for the purpose of provoking a mistrial or prejudicing appellant. Several factors are relevant in making this determination. The factors are: (1) the weight of the prosecutor's case; (2) whether the prosecutor violated a direct order of the court; (3) whether there was a pattern of repeated objectionable remarks; and (4) whether the defense objected to the complained of conduct. *U.S. v. Lawson*, 337 F.2d 800, 807 (3rd Cir.1964) cert. denied, 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804; *Commonwealth v.*

*Potter,* 478 Pa. 251, 386 A.2d 918 (1978); *Commonwealth v. Slaughter,* 268 Pa.Superior Ct. 553, 408 A.2d 1141 (1979).

During the voir dire, the prosecutor made reference to the amount of the civil verdict, allegedly for the purpose of weeding out those verniremen who would be unable to set aside prejudice in making the determination of appellant's guilt or innocence. The defense did not object to these questions, a fact which in itself is a weighty determinant on the issue of whether the questions were improper or prejudicial. See *U.S. v. Lawson,* supra. Additionally, the questions served the defendant's purpose as well as the Commonwealth's purpose. Therefore, it can hardly be said that they were asked for the purpose of provoking a mistrial or prejudicing appellant.

■ During the course of the trial, the prosecutor exhorted the jury to consider their own interest as taxpayers, pointing out that it would be tax dollars which appellant would have received as compensation for his business. This was clearly prejudicial since such statements have the effect of diverting the jury from its duty to decide impartially the facts of the case before it. *Commonwealth v. Cherry,* 474 Pa. 295, 302, 378 A.2d 800, 803 (1977). Therefore, a new trial was properly granted on the basis of this misconduct.

■ Appellant now urges this Court to dismiss the perjury charges due to the prosecutorial misconduct. We cannot find a sufficient basis to grant this motion. While serious prosecutorial misconduct has generally been held to warrant a new trial, *Commonwealth v. Slaughter,* supra, only one Pennsylvania case has been found in which such misconduct was the basis for a dismissal on the grounds of double jeopardy. That case is distinguishable from this one in that there was undisputed evidence, including an admission by the prosecutor, that the statements were made for the specific purpose of causing a mistrial. *Commonwealth v. Warfield,* 424 Pa. 555, 227 A.2d 177 (1967). There was no such admission here. Although the effect of the improper statements was prejudicial, it cannot automatically be

concluded that they were made with that intent, particularly in light of the strength of the prosecution's case at the outset. Thus, we hold that the defendant is not entitled to have the case against him dismissed and that the principle of double jeopardy does not bar his retrial because the prosecutor did not attempt to abort the first trial in order to obtain a more favorable opportunity to convict the defendant nor is the prosecution "harassing" the defendant by its decision to retry him.

Order affirmed and the case remanded to the court below for a new trial on the merits. This Court relinquishes jurisdiction.