J-S07008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AARON L. COLLINS :
:
Appellant : No. 1157 WDA 2020

Appeal from the Order Entered October 5, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000817-2019

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY SHOGAN, J.: **FILED: JUNE 11, 2021**

Appellant, Aaron L. Collins, appeals from the October 5, 2020 order

denying his motion for dismissal pursuant to the double jeopardy clause of the

Fifth Amendment. After review, we affirm.

The trial court set forth the following factual and procedural recitation:

> At trial, the alleged victim, ["the Victim"], testified to two
> separate occurrences of alleged assault with "one involving
> cigarettes and/or a game box and a second involving flowers."[1]

---

[1] Trooper Adam Sikorski, a Uniontown detective who responded to the report
of the sexual assault, testified at trial. N.T., 1/7/20, at 50. Trooper Sikorski
interviewed the Victim on September 13, 2018, and memorialized that
interview in an incident report. His testimony provided a cogent recitation of
the facts and allegations as they relate to each incident. After reviewing the
report, Trooper Sikorski provided the following synopsis of the first incident:

> [The Victim] and [the Victim's sister] were at their place in
> Connellsville when [Appellant] comes over and, apparently, they

*(Footnote Continued Next Page)*

Jury Charge, N.T., 1/8/20, at 7. These two separate occurrences formed the basis for the Commonwealth charging [Appellant] with two counts each of [Involuntary Deviate Sexual Intercourse ("IDSI")] Forcible Compulsion, Indecent Assault Forcible Compulsion, and Sexual Assault.[2]

The jury rendered verdicts of acquittal to both counts of IDSI Forcible Compulsion. As to Indecent Assault Forcible Compulsion and Sexual Assault, the jury verdicts were split. The jury acquitted [Appellant] with regards to the first incident [involving cigarettes and/or a game box] at Counts 3 and 5. The jury was unable to render a verdict as to the second incident [involving flowers] at Counts 4 and 6.

_____

wanted an Xbox controller or something Xbox related, that [Appellant] had at his residence. So, [the Victim] said he would go with him to get this game or controller and on the way there he was offered a pack of cigarettes if [Appellant] could have sex with him. So, they get there and he obviously declined, and said he declined too. And they get there, he goes inside, and he found himself in the bedroom and then [Appellant] pulls down his pants, puts Vaseline on him and proceeds to have sex with him.

*Id*. at 61. As to the second incident, Trooper Sikorski testified as follows:

[The Victim] wanted to get flowers for his girlfriend, and [Appellant] was at the residence again. As you know, they buy weed from him, so he was over there often, and [Appellant] offered to get him flowers and they were going to stop and get him flowers, but they went directly to [Appellant's] address. And as you heard, [the Victim] was hesitant to go inside but he was waiting on [Appellant] to come out. I guess he couldn't provide the snips to get the flowers right away, so [Appellant] said it was okay for him to come inside. [The Victim] comes inside and at the time he's forcibly put against the wall and his pants taken down and taken advantage of again.

*Id*. at 61-62.

[2] 18 Pa.C.S. §§ 3123(a)(1), 3126(a)(2), and 3124.1, respectively.

Order, 10/5/20, at 1-2. The jury handed down the verdict on January 8, 2020. The trial court declared a hung jury as to counts four and six, Indecent Assault Forcible Compulsion and Sexual Assault, respectively, and dismissed the other charges. Orders, 1/9/20. Appellant filed a Motion for Dismissal Pursuant to the Double Jeopardy Clause of the Fifth Amendment on February 25, 2020. The trial court denied the motion on October 5, 2020. Appellant filed a Notice of Interlocutory Appeal Pursuant to Pa.R.A.P. 313 on October 26, 2020. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Order, 10/27/20. Appellant timely filed his Rule 1925(b) concise statement on November 6, 2020.

On November 9, 2020, this Court ordered Appellant to show cause as to why the appeal satisfied the three-prong test set forth in Pa.R.A.P. 313(b) or why the appeal should not be quashed for failure to raise any other exception to the final order rule. Order, 11/9/2020 (*per curiam*). Appellant responded on November 18, 2020. This Court discharged the rule and allowed the appeal to proceed, with the *caveat* that the parties should be prepared to address the issue should the panel have any concerns. Order, 11/20/20 (*per curiam).*

Appellant presents the following questions for our review:

1.      Whether Appellant's right to an interlocutory appeal from the trial court's order denying  Appellant's motion for dismissal pursuant to the Double Jeopardy Clause of the Fifth Amendment is specifically authorized by Pennsylvania Rule[] of Appellate Procedure (Pa.R.A.P.) 313[?]

- 3 -

2.      Whether the court erred when the court failed to dismiss [Appellant's] charges pursuant to the double jeopardy clause of the fifth amendment; because the not guilty verdict in the previous trial in regards to counts one and two IDSI [F]orcible [C]ompulsion; count three indecent assault forcible compulsion; and count five sexual assault precludes his retrial on count four indecent assault forcible compulsion; and count six sexual assault?

Appellant's Brief at 3 (full capitalization omitted).

In his first issue, Appellant argues that his interlocutory appeal is specifically authorized by Pa.R.A.P. 313. Appellant's Brief at 7. That Rule and accompanying note state as follows:

> **(a)**   **General rule.**--An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> **(b)**   **Definition.**--A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.
>
> *Note:* If an order meets the definition of a collateral order, it is appealed by filing a notice of appeal or petition for review.
>
> Pa.R.A.P. 313 is a codification of existing case law with respect to collateral orders. *See Pugar v. Greco*, 394 A.2d 542, 545 (Pa. 1978) (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)).
>
> Pennsylvania appellate courts have found a number of classes of orders to fit the collateral order definition. Collateral order cases are collected and discussed in Darlington, McKeon, Schuckers and Brown, Pennsylvania Appellate Practice 2015-2016 Edition, §§ 313:1-313:201 Examples include an order denying a petition to permit the payment of death taxes, *Hankin v. Hankin*, 487 A.2d 1363 (Pa. Super. 1985), and an order denying a petition for removal of

- 4 -

an executor, *Re: Estate of Georgiana*, 458 A.2d 989 (Pa. Super. 1983), *aff'd*, 475 A.2d 744 (Pa. 1984), and an order denying a pre-trial motion to dismiss on double jeopardy grounds if the trial court does not also make a finding that the motion to dismiss is frivolous. **See Commonwealth v. Brady, 508 A.2d 286, 289-91 (Pa. 1986) (allowing an immediate appeal from denial of double jeopardy claim under collateral order doctrine where trial court does not make a finding of frivolousness);** *Commonwealth v. Orie*, 22 A.3d 1021 (Pa. 2011). An order denying a pre-trial motion to dismiss on double jeopardy grounds that also finds that the motion to dismiss is frivolous is not appealable as of right as a collateral order, but may be appealable by permission under Pa.R.A.P. 1311(a)(3).

Pa.R.A.P. 313 (emphasis added). Appellant argues that pursuant to the note accompanying Rule 313 and our Supreme Court's decision in **Commonwealth v. Brady**, 508 A.2d 286 (Pa. 1986), his appeal is proper. We agree.

"Pennsylvania law has traditionally provided a criminal defendant the right to an immediate appeal from an order denying a pretrial motion to dismiss on double jeopardy grounds." **Commonwealth v. Gross**, 232 A.3d 819, 830 (Pa. Super. 2020) (citing **Commonwealth v. Orie**, 22 A.3d 1021, 1024 (Pa. 2011)). Indeed, we have repeatedly held that "[p]re-trial orders denying double jeopardy claims are immediately appealable in the absence of a written finding of frivolousness by the hearing court." **Commonwealth v. Feaser**, 723 A.2d 197, 199 n.2 (Pa. Super. 1999) (quotation omitted). In the instant case, the trial court did not make a finding of frivolousness in its order; thus, we may properly exercise jurisdiction over the appeal. *Id*. ("Because

- 5 -

there has been no discrete finding of frivolousness by the trial court, we have jurisdiction to entertain this appeal.")

In his second question, Appellant argues that the trial court erred when it denied his motion to dismiss on double jeopardy grounds. Appellant's Brief at 11. Our standard of review is as follows:

> An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Miller*, 193 A.3d 1187, 1191 (Pa. Super. 2018).

Appellant advances two arguments in support of his appeal. First, he argues that it is unclear which counts of Indecent Assault Forcible Compulsion and Sexual Assault relate to which incident. Appellant's Brief at 15. Therefore, Appellant posits, it is unclear whether the jury was unable to reach a verdict on the counts related to the first or second incident. *Id*. Appellant then asserts that in order for the Commonwealth to prosecute him for counts four and six, the Commonwealth would have to retry the entire case, which is barred by double jeopardy. *Id*. Second, Appellant argues that his acquittal on both counts of IDSI Forcible Compulsion collaterally estops the

Commonwealth from proceeding with the prosecution of Appellant for counts four, Indecent Assault Forcible Compulsion, and six, Sexual Assault. *Id*. at 15-16.

Preliminarily, we note that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citing *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). Appellant's concise statement included the following single issue:

> 1. Whether the [c]ourt erred when the [c]ourt failed to dismiss [Appellant's] charges pursuant to the Double Jeopardy Clause of Fifth Amendment; because the not guilty verdict in the previous trial in regards to counts one and two IDSI Forcible Compulsion; count three Indecent Assault Forcible Compulsion; and count five Sexual Assault precludes his retrial on count four Indecent Assault Forcible Compulsion; and count six Sexual Assault?

Concise Statement of Issues on Appeal, 11/6/20. Appellant did not raise the precise argument relating to which counts were associated with which incident of abuse in his Rule 1925(b) statement, and therefore, the trial court did not address the issue in its Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925. Rather, therein, the trial court relied on its October 2020 order, as it reviewed Appellant's Rule 1925(b) Statement and found that the order "previously addressed all issues." Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925, 11/9/20.

It is well established that:

> [w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While *Lord* and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal.

*Commonwealth v. Dowling*, 778 A.2d 683, 686–687 (Pa. Super. 2001). Failure to include an issue in a Rule 1925(b) statement generally waives that issue for purposes of appellate review. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1270 n.6 (Pa. Super. 2008). A review of Appellant's concise statement makes clear that he did not raise this issue relating to which counts correspond to which incident, and we find the argument waived for that reason.

Even if we did not find waiver, Appellant is not due relief on these grounds. First, we note that the charging documents in this case state, "When there is more than one offense, each offense should be numbered chronologically." Police Criminal Complaint, 1/14/19, at 3. In the instant case, there were two alleged incidents of abuse. Despite his intellectual

difficulties,[3] the Victim was unwavering that the incident involving Appellant promising cigarettes and/or a game box occurred before the second incident, which involved Appellant allegedly luring the Victim to his home by promising to help the Victim procure flowers for his girlfriend. N.T., 1/7/20, at 18, 19, 31, 34, 36. This testimony was corroborated by the Victim's sister and Trooper Sikorski. *Id*. at 47-48, 61. Thus, it logically flows that the first counts of IDSI Forcible Compulsion, Indecent Assault Forcible Compulsion, and Sexual Assault–counts one, three, and five–refer to the first incident, and the second counts of IDSI Forcible Compulsion, Indecent Assault Forcible Compulsion and Sexual Assault–counts two, four, and six–refer to the second incident. Moreover, in his Motion for Dismissal Pursuant to the Double Jeopardy Clause of the Fifth Amendment, Appellant stated:

> These charges resulted from what was alleged to have been two separate incidents between [Appellant] and the Victim; specifically, onset of the three (3) offenses listed in Paragraph 1 (Counts 1, 3, and 5) were said to have occurred on one date, with **the remaining set of three (3) offenses listed in Paragraph 1 (Counts 2, 4, and 6) were said to have occurred subsequent to the first date.**

Motion for Dismissal Pursuant to the Double Jeopardy Clause of the Fifth Amendments, 2/25/20, at 1, ¶ 2 (emphasis added). Finally, to the extent

_____

[3] The scope of the Victim's intellectual disability is not clear from the certified record, although he testified that he had to take special education classes in high school and had trouble reading. N.T., 1/7/20, at 12. He further testified that although he is twenty-one years of age, and lives alone, he is unable to "keep-up" after himself, and his sister, who lives next door, regularly "comes over to make sure I'm okay because I have epilepsy." *Id*. at 33.

Appellant argues that the entire case would have to be retried, we note that in its brief, the Commonwealth maintains that at retrial, it would present evidence that pertained only to counts four and six, relating to the flower incident. Commonwealth's Brief at 6. The Commonwealth correctly states:

> Both incidents are severable from each other and do not share any common facts that would be dependent on each other. Therefore, the second incident would be able to be presented to a jury independently and without mention of the first incident involving the gaming system; the incident … which a jury has found [Appellant] not guilty of committing.

*Id*. Thus, even if we were to reach the merits of Appellant's claim, we would find he is due no relief on those grounds.

Appellant next argues that the trial court erred because a jury acquitted Appellant of both charges of IDSI Forcible Compulsion, and the doctrine of collateral estoppel prevents the Commonwealth from prosecuting Appellant on count four, Indecent Assault Forcible Compulsion, or count six, Sexual Assault. Appellant's Brief at 15-16.

Preliminarily, we note that "retrial after a hung jury normally does not violate the double jeopardy clause." *Commonwealth v. Brockington-Winchester*, 205 A.3d 1279, 1283 (Pa. Super. 2019). Indeed:

> The doctrine of collateral estoppel is a part of the Fifth Amendment's guarantee against double jeopardy, which was made applicable to the states through the Fourteenth Amendment. The phrase "collateral estoppel," also known as "issue preclusion," simply means that when an issue of law, evidentiary fact, or ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit. Collateral estoppel does not automatically bar a subsequent prosecution, but rather, it bars

- 10 -

redetermination in a second prosecution of those issues necessarily determined between the parties in a first proceeding that has become a final judgment.

Traditionally, Pennsylvania courts have applied the collateral estoppel doctrine only if the following threshold requirements are met: 1) the issues in the two actions are sufficiently similar and sufficiently material to justify invoking the doctrine; 2) the issue was actually litigated in the first action; and 3) a final judgment on the specific issue in question was issued in the first action. An issue is actually litigated when it is properly raised, submitted for determination, and then actually determined. For collateral estoppel purposes, a final judgment includes any prior adjudication of an issue in another action that is sufficiently firm to be accorded conclusive effect.

*Id*. at 1283-1284. Our Supreme Court has set forth the following analysis on

collateral estoppel in the criminal context:

In the criminal law arena, the difficulty in applying collateral estoppel typically lies in deciding whether or to what extent an acquittal can be interpreted in a manner that affects future proceedings, that is, whether it reflects a definitive finding respecting a material element of the prosecution's subsequent case. We ask whether the fact-finder, in rendering an acquittal in a prior proceeding, could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. If the verdict must have been based on resolution of an issue in a manner favorable to the defendant with respect to a remaining charge, the Commonwealth is precluded from attempting to relitigate that issue in an effort to resolve it in a contrary way. *See Commonwealth v. Zimmerman*, ... 445 A.2d 92, 96 ([Pa.] 1981) (acquittal on simple assault precluded retrial on hung murder charges because simple assault was a constituent element of all grades of homicide in the case); *Commonwealth v. Wallace*, ... 602 A.2d 345, 349–50 ([Pa. Super.] 1992) (Commonwealth's concession that the jury's acquittal meant appellant did not possess a gun collaterally estopped Commonwealth from any subsequent prosecution based on appellant's possession of a gun); *Commonwealth v. Klinger*, ... 398 A.2d 1036, 1041 ([Pa. Super.] 1979) (appellant's acquittal on murder precluded the Commonwealth from bringing a subsequent perjury prosecution based on appellant's trial testimony that he

- 11 -

did not kill the victim) .... Conversely, where an acquittal cannot be definitively interpreted as resolving an issue in favor of the defendant with respect to a remaining charge, the Commonwealth is free to commence with trial as it wishes. **See** [**Commonwealth v.**] **Buffington**, 574 Pa. 29, 828 A.2d [1024,] 1033 [(2003)] (acquittal of rape and IDSI did not establish that Commonwealth failed to prove an essential element of sexual assault); [**Commonwealth v.**] **Smith**, 518 Pa. 15, 540 A.2d [246,] 253–54 [(1988)] (acquittal of gun possession charge did not collaterally estop Commonwealth from proceeding on charges of murder and possession of an instrument of crime, as acquittal could have been based on any number of reasons); **Commonwealth v. Harris**, ... 582 A.2d 1319, 1323 ([Pa. Super.] 1990) (robbery acquittal did not preclude retrial on hung charge of aggravated assault) ....

**Commonwealth v. States**, 938 A.2d 1016, 1021-1022 (Pa. 2007). Finally, "the party seeking to invoke preclusion principles … bears the burden of establishing that the issue he seeks to foreclose from consideration in a subsequent proceeding was necessarily resolved in his favor in the prior proceeding." **Buffington**, 828 A.2d at 1032-1033.

The crimes for which Appellant was charged are defined as follows:

**§ 3123 Indecent Deviate Sexual Intercourse Forcible Compulsion** is defined as:

> **(a)** **Offense defined.--**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
> > (1) by forcible compulsion;

18 Pa.C.S. § 3123(a)(1). **§ 3126 Indecent Assault Forcible Compulsion** is defined as:

> **(a)** **Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant,

- 12 -

causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

* * *

(2) the person does so by forcible compulsion;

18 Pa.C.S. § 3126(a)(2). **§ 3124.1 Sexual Assault** is defined as follows:

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S. § 3124.1.

Finally, we note that "forcible compulsion" is defined as "Compulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101. "Sexual intercourse" is defined as "[i]n addition to its ordinary meaning, includ[ing] intercourse *per os* or *per anus*, with some penetration however slight; emission is not required." ***Id***.

In support of this argument, Appellant argues that the Victim testified that Appellant "touched the top of my penis and put his penis in my butt – the second time and the first time." Appellant's Brief at 16 (citing N.T., 1/7/20, at 20, 35). Appellant asserts that the touching and penetration of the Victim constitute a single act, which the jury found did not occur. Appellant's Brief at 16. Specifically, he posits, "The jury by finding [Appellant] not guilty of both charges of [IDSI Forcible Compulsion] obviously did not believe [the Victim's] testimony and found that this sexual assault did not occur." ***Id***.

Appellant avers that if the Commonwealth is given another opportunity to proceed with his prosecution, the Commonwealth will be given another opportunity to prove the sexual acts occurred, which is prohibited by the doctrine of collateral estoppel. *Id.*

We disagree. First, although the Victim testified as Appellant sets forth in his brief, he also testified that the first incident lasted approximately one hour and that the second lasted the "same time as what the first did." N.T., 1/7/20, at 17, 19. During trial, the Victim stated that he did not have oral sex with Appellant, but he also testified he told the investigating officer that Appellant performed oral sex on him. *Id*. at 35. Further, during trial Trooper Sikorksi testified that the Victim told him that he and Appellant engaged in oral sex following the second incident of anal sex. *Id*. at 60. He explained that during the second incident the Victim was at Appellant's residence from early afternoon until 1:00 a.m. the following morning. *Id*. The Victim's sister testified that Appellant told her that Appellant "made [the Victim] come ten times." *Id* at 45. Thus, Appellant's contention that there was a single incident of sexual contact in both cases is belied by the record.

Second, Appellant was found not guilty of IDSI Forcible Compulsion. A conviction for IDSI Forcible Compulsion requires that an individual engage in deviate sexual intercourse–which specifically requires penetration–by forcible compulsion. 18 Pa.C.S. § 3123(a)(1). Indecent Assault Forcible Compulsion, however, requires only indecent contact, not sexual intercourse. 18 Pa.C.S.

§ 3126(a)(2). Thus, we find that that the jury could have found Appellant did not commit IDSI Forcible Compulsion because the Commonwealth failed to prove that either penetration occurred or that Appellant used forcible compulsion to do so.

Indeed, a review of the trial transcript reveals that Appellant's use of force and the Victim's consent, or lack thereof, was an issue in this case. Counsel for Appellant, on cross-examination, specifically asked the Victim if Appellant threatened him or held him down during the sexual encounters. N.T., 1/7/19, at 28. In response, the Victim testified that Appellant told him not to tell anyone what happened, that Appellant told the Victim's sister that he would burn her house down, and that Appellant held him down during both encounters. *Id*. Appellant's counsel also questioned the Victim's sister about whether Appellant made any statements to her regarding the sexual contact between him and the Victim, and whether that contact was consensual. The Victim's sister responded that Appellant told her, as discussed above, that he made the Victim come ten times and that based on Appellant's description, "it sounded like they both–like it was consensual." *Id*. at 48. Counsel further questioned the Victim's sister about whether Appellant "forcibly pulled" the Victim out of his sister's home prior to either incident of sexual contact. *Id*.

As such, we find that the fact-finder, in rendering an acquittal in the prior proceeding, could have grounded its verdict upon the fact that the Commonwealth failed to prove that penetration occurred or because the

Commonwealth failed to prove Appellant used forcible compulsion when he engaged in sexual intercourse with the Victim. Because, as stated above, penetration is an element of IDSI Forcible Compulsion and not an element Indecent Assault Forcible Compulsion, the acquittal on the IDSI Forcible Compulsion charge does not foreclose consideration of whether Appellant had indecent contact with the Victim. **Buffington**, 828 A.2d at 1033. Thus, we find the trial court did not err when it denied Appellant's motion to dismiss as to count four, Indecent Assault Forcible Compulsion.

As to count six, Sexual Assault, codified at 18 Pa.C.S. § 3124.1, we note that the elements of Sexual Assault are sexual intercourse without the victim's consent. As discussed above, sexual intercourse requires penetration.[4] However, unlike IDSI Forcible Compulsion, the crime of Sexual Assault does not require the use of force, only a lack of consent. Indeed, "in order to prove the forcible compulsion component, the Commonwealth must establish, beyond a reasonable doubt, that the defendant used either physical force, a threat of physical force, or psychological coercion, since the mere showing of

_____

[4] We note that in its order, the trial court mistakenly found that neither Indecent Assault Forcible Compulsion nor Sexual Assault require the element of penetration. Order, 10/5/20, at 3. This is incorrect. The crime of Sexual Assault requires sexual intercourse or deviate sexual intercourse, both of which are defined as requiring intercourse "with some penetration however slight." 18 Pa.C.S. §§ 3124.1, 3101. "We may affirm the trial court's determination on any grounds, even where those grounds were not suggested to or known by the trial court." **Commonwealth v. Gatlos**, 76 A.3d 44, 62 n.14 (Pa. Super. 2013).

a lack of consent does support a conviction for rape … by forcible compulsion."
***Commonwealth v. Eckrote***, 12 A.3d 383, 387 (Pa. Super. 2010). We have repeatedly held that "'forcible compulsion" means 'something more' than mere lack of consent." ***Commonwealth v. Gonzalez***, 109 A.3d 711, 721 (Pa. Super. 2015) (quoting ***Commonwealth v. Smolko***, 666 A.2d 672, 676 (Pa. 1995)). Thus, the jury finding that Appellant did not commit IDSI Forcible Compulsion does not mean that it found Appellant did not have sexual intercourse with the Victim without the Victim's consent. ***Buffington***, 828 A.2d 1033. As discussed *supra*, "We ask whether the fact-finder, in rendering an acquittal in the prior proceeding 'could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" ***States***, 938 A.2d at 1021. Further, "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence." ***Commonwealth v. Miller***, 657 A.2d 946, 948 (Pa. Super. 1995). The jury may have found that Appellant visited non-consensual sexual intercourse on the Victim, without forcible compulsion. Thus, we find the Commonwealth is not collaterally estopped from retrying Appellant on count six, Sexual Assault.

Based upon our standard of review and the record before us, we discern no abuse of discretion or trial court error in denying Appellant relief on his double jeopardy claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  06/11/2021