445 A.2d 92

**COMMONWEALTH of Pennsylvania**

v.

**James ZIMMERMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued April 21, 1981.

Decided July 8, 1981.

Reargument Denied Jan. 26, 1982.

---

Gerald Jay Pomerantz, Philadelphia, Hillel Lewis, Delaware County, for appellant.

David E. Fritchey, Asst. Dist. Atty., Delaware County, for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

NIX, Justice.

This is an appeal from a decision by the Delaware County Court of Common Pleas denying appellant's pre-trial motion

to bar retrial on the charges of murder of the third degree, voluntary and involuntary manslaughter.[1] Appellant was arrested December 4, 1978 and charged with the various degrees of criminal homicide, aggravated assault, simple assault, possession of firearms without a license, possession of instruments of crime and criminal conspiracy. The charges flow from the shooting death of the victim, Harry Kenny Evans, which occurred on December 1, 1978, outside of the Chadd's Ford Tavern. At trial the jury returned verdicts of not guilty as to murder of the first degree and simple assault, the victim in each instance being the deceased, but was unable to reach a verdict as to the other charges.[2]

Appellant filed a petition requesting, *inter alia*, that the homicide charges be dismissed.[3] Appellant argues that the verdict returned by the original jury precludes a subsequent trial and possible conviction of the remaining degrees of homicide. The underlying question is whether the principle of double jeopardy would permit a retrial for the remaining degrees of homicide where appellant has been found not guilty of committing a simple assault upon the deceased victim.

We note that appellant argues, *inter alia*, that rules of procedure 1120(d) and (e)[4] entitle him to the relief sought.

1. The court below did dismiss the charges of aggravated assault. The authority for this interlocutory appeal is found in 42 Pa.C.S.A. § 702, *Commonwealth v. Haefner*, 473 Pa. 154, 373 A.2d 1094 (1977) and *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

2. The appellant was also charged with the assault upon the deceased's brother. That information is not presently before us.

3. The order of the court below would also permit retrial of the charges possession of instruments of crime, possession of a firearm without a license and criminal conspiracy. Since appellant did not include these charges in his statement of the question, we have not considered them and to that extent the order of the court remains undisturbed.

4. Rule of Crim.Pro. 1120(d) and (e) provides:
   Rule 1120. Verdicts.
   (d) If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to

However, the instant interlocutory appeal is pursuant to *Commonwealth v. Haefner*, 473 Pa. 154, 373 A.2d 1094 (1977) and *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), see n. 1, which limits the scope of the review to constitutional questions relating to double jeopardy. *Commonwealth v. Tabb*, 491 Pa. 372 n. 2, 421 A.2d 183 n. 2 (1980). Our consideration here will be confined to those concerns which fall within the purview of the constitutionally guaranteed double jeopardy protections and will not affect any additional protection that arguably these rules may have conferred.

We have had occasion to express the essence of the double jeopardy protection as follows:

It has been stated that "the principle of double jeopardy serves not one, but three distinct interests. In ascending degrees of importance, they are: (1) an interest in finality which may be overcome relatively easily; (2) an interest in avoiding double punishment which comes armed with a presumption in the defendant's favor; and (3) an interest in nullification—viz., an interest in allowing the system to acquit against the evidence—which is absolute. These three interests are loosely connected to the notion of

those counts upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed. When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment.

(e) If there are two or more informations or indictments the jury may report a verdict or verdicts with respect to those informations or indictments upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the informations or indictments, if those informations or indictments to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter informations or indictments shall be dismissed. When the informations or indictments upon which the jury cannot agree are not included in the offenses of the information or indictment upon which it has agreed, the defendant or defendants may be retried on those informations or indictments.

ending litigation, and it is this connection that provides textual justification for bringing them under the common 'rubic' of double jeopardy."

*Commonwealth v. Tabb, supra,* 491 Pa. at 379, 421 A.2d at 187 (quoting from *Weston and Drubel,* "Towards a General Theory of Double Jeopardy", The Supreme Court Review 1978, p. 81).

Here we are concerned with that interest of double jeopardy which has been given the highest order of priority. The question presented is whether the allowance of a retrial on the charges in question erodes the original factfinders' absolute right to make the final factual determination on the charges submitted to them. It is, therefore, encumbent upon us to determine whether the exposure of appellant to the charges the Commonwealth now seeks to proceed to trial, offers to a new tribunal the opportunity to overturn the decision reached by the original finders of fact. If the original decision is not disturbed by the finding of the subsequent tribunal, this interest of double jeopardy is not offended. If the original decision has foreclosed the question to be decided by the retrial then the retrial cannot be permitted.

In the instant case the victim, Harry Kenny Evans, and appellant, James Zimmerman, were drinking at the Chadd's Ford Tavern. The meeting eventually led to a fight between the two. Others became involved and the matter quickly escalated into a "barroom brawl." Harry Evans, the victim, went out to the parking lot with appellant following. A shot was heard by those inside the bar and rushing out they saw Zimmerman leaving in a white Cadillac. Harry Evans was lying on the ground face down with a gun wound in his lower back.

The assault information to which the jury returned a verdict of not guilty provided:

The District Attorney of Delaware County by this information charges that, on (or about) December 1, 1978, in said County, JAMES ALLEN ZIMMERMAN defendant, did unlawfully attempt to cause bodily injury to HARRY EVANS.

2. That, on the same day and year, in Delaware County, ABOVE NAMED DEFENDANT, unlawfully did intentionally, knowingly or recklessly cause bodily injury to HARRY EVANS.

3. That, on the same day and year, in Delaware County, ABOVE NAMED DEFENDANT, unlawfully and negligently did cause bodily injury to HARRY EVANS, with a deadly weapon, to wit: PISTOL.

4. That, on the same day and year, in Delaware County, ABOVE NAMED DEFENDANT, unlawfully did attempt by physical menace to put HARRY EVANS, in fear of imminent serious bodily injury contrary to the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

The issue as framed is whether the acquittal on the aforementioned information precludes a further consideration as to whether appellant may be determined criminally responsible for the death of Harry Evans. There is no question that Harry Evans' premature death resulted from an assault which occurred on December 1, 1978. It is also indisputable that the original jury found that appellant did *not* attempt to cause, or intentionally, knowingly or recklessly cause, bodily injury to Harry Evans on December 1, 1978.

The court below sought to skirt the problem by using the *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) analysis. In that opinion the Court sought to determine what decisions were in fact made by the first jury passing upon the facts. Thus the question was reduced to a determination of what issues were decided by the initial factfinder in reaching its result. In *Ashe*, where the question was one of issue preclusion (also referred to as collateral estoppel) the Court fashioned the rule that collateral estoppel bars a redetermination of those issues *necessarily* determined between the parties in the first proceedings. *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1980). Following this analysis the court below concluded that the

acquittal of the assault charge was limited to a determination that appellant was not guilty of the confrontation with the victim that occurred inside the establishment. From this premise the court reasoned that the acquittal of the assault charge inside the tavern would not preclude a second jury's finding that appellant was responsible for the homicide that occurred thereafter outside of the tavern.

The fallacy of this analysis is that the *Ashe* approach is required where there is a general verdict and the question to be answered is which issues were necessarily decided in defendant's favor by the first jury in reaching that verdict. Where, as here, a verdict was returned to a specific information such an analysis is not appropriate. The language of the information is controlling as to the meaning of the jury's finding. The instant information does not make the distinction sought to be drawn. To the contrary, the information clearly and unambiguously covered any assault on the person of the deceased on the day in question occurring in the county of Delaware. The acquittal entered on this information speaks for itself and is the finding by the original jury that appellant did not assault the victim at the time and place the homicide occurred.

We are therefore faced with a situation of an attempt to seek a conviction for the greater offense where there has been an acquittal of a lesser constituent offense. As noted by the United States Supreme Court in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the double jeopardy clause "was designed *originally* to embody the protection of the common-law pleas of former jeopardy, ..." [Emphasis added.] *Id.* at 165, 97 S.Ct. at 2225. The protection afforded by double jeopardy prevents a second prosecution for the same offense after acquittal. *Brown v. Ohio, supra; U.S. v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Green v. U.S.*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *Ex parte Lange*, 18 Wall 163, 21 L.Ed. 872 (1874):

When a defendant has been acquitted of an offense, the Clause guarantees that the State shall not be permitted to make repeated attempts to convict him, . . . .

The policy of avoiding multiple trials has been regarded as so important that exceptions to the principle have been only grudgingly allowed.

*U.S. v. Wilson, supra* at 343, 95 S.Ct. at 1022.

■■■ The test for determining whether two offenses were sufficiently distinguishable to permit the imposition of cumulative punishment was articulated in *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . *Id* at 304, 52 S.Ct. at 182.

It has also been recognized that if "two offenses are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions." *Brown v. Ohio, supra* at 166, 97 S.Ct. at 2226. It is clear that assault is a constituent element of all of the grades of homicide and does not require the proof of a fact that the various grades of homicide do not.

As is invariably true of a greater and lesser included offense, the lesser offense . . . requires no proof beyond that which is required for conviction of the greater. . . .
The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it.

*Brown v. Ohio, supra* at 168, 97 S.Ct. at 2226–2227.

Accordingly, the order of the court below is reversed and the motion to dismiss the remaining homicide charges is granted.

LARSEN, J., notes his dissent.

O'BRIEN, C. J., did not participate in the consideration or decision in this case.