586 A.2d 393

**COMMONWEALTH of Pennsylvania**

v.

**Samuel HICKSON, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1990.

Filed Dec. 14, 1990.

Reargument Denied Feb. 21, 1991.

Petition for Allowance of Appeal Denied May 28, 1991.

54

LeRoy G. Levan, Reading, for appellant.

Mark C. Baldwin, Asst. Dist. Atty., Reading, for Com., appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

WIEAND, Judge:

Where a jury finds a defendant not guilty of third degree murder but is unable to reach a verdict on charges of first degree murder and aggravated assault, is a retrial on the charges of first degree murder and aggravated assault barred by principles of double jeopardy? After careful review, we conclude that retrial is barred. Therefore, the order of the trial court refusing to dismiss such charges must be reversed.

Samuel Hickson was charged with criminal responsibility in the shooting death of Michael Auchenbach. The Commonwealth contended that Hickson had conspired with a person known as "Deep" to kill Auchenbach and had participated as principal or accomplice in the shooting. The jury which tried Hickson found him guilty of criminal conspiracy to commit murder of the first degree and two counts of conspiracy to commit aggravated assault. The same jury found Hickson not guilty of second degree murder, third degree murder, voluntary manslaughter and involuntary manslaughter. The jury was unable to reach agreement on whether Hickson should be found guilty or not guilty of first degree murder and on two counts of aggravated assault. When the Commonwealth attempted to retry Hickson for first degree murder and aggravated assault, Hickson moved to dismiss the charges on grounds that a retrial was barred by the double jeopardy clauses of the United States and Pennsylvania Constitutions.

 As a general rule, reprosecution is not barred by principles of double jeopardy after a jury has been discharged because of an inability to reach a verdict. *Commonwealth v. McCane*, 517 Pa. 489, 499, 539 A.2d 340, 346 (1988). See: *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165 (1824); *Commonwealth v. James*, 506 Pa. 526, 531, 486 A.2d 376, 378–379 (1985). However, principles of collateral estoppel are a necessary part of a double jeopardy analysis. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Commonwealth v. Crenshaw*, 504 Pa. 33, 37, 470 A.2d 451, 453 (1983); *Commonwealth v. Hude*, 492 Pa. 600, 425 A.2d 313 (1980) (plurality opinion). Therefore, a person cannot be tried a second time if the jury has decided in his or her favor an issue of ultimate fact essential to a conviction of the offense on which the jury was unable to agree.

In *Commonwealth v. Zimmerman*, 498 Pa. 112, 445 A.2d 92 (1981), the Pennsylvania Supreme Court determined that a defendant's retrial on charges of third degree murder, voluntary manslaughter and involuntary manslaughter, on which the jury had deadlocked, was barred by principles of double jeopardy where the defendant had also been acquitted by the same jury of simple assault and first degree murder. The issue before the Court in *Zimmerman* was framed as follows:

> The underlying question is whether the principle of double jeopardy would permit a retrial for the remaining degrees of homicide where appellant has been found not guilty of committing a simple assault upon the deceased victim.

*Commonwealth v. Zimmerman, supra*, 498 Pa. at 114, 445 A.2d at 93. The Court held that retrial was barred, reasoning as follows:

> We have had occasion to express the essence of the double jeopardy protection as follows:
> It has been stated that "the principle of double jeopardy serves not one, but three distinct interests. In ascending

degrees of importance, they are: (1) an interest in finality which may be overcome relatively easily; (2) an interest in avoiding double punishment which comes armed with a presumption in the defendant's favor; and (3) an interest in nullification—viz., an interest in allowing the system to acquit against the evidence—which is absolute. These three interests are loosely connected to the notion of ending litigation, and it is this connection that provides textual justification for bringing them under the common 'rubric' of double jeopardy."

*Commonwealth v. Tabb, supra* [491 Pa. 372] at 379, 421 A.2d [183] at 187 [ (1980) ] (quoting from *Weston and Drubel,* "Towards a General Theory of Double Jeopardy", The Supreme Court Review 1978, p. 81).

Here we are concerned with that interest of double jeopardy which has been given the highest order of priority. The question presented is whether the allowance of a retrial on the charges in question erodes the original factfinders' absolute right to make the final factual determination on the charges submitted to them. It is, therefore, encumbent [sic] upon us to determine whether the exposure of appellant to the charges the Commonwealth now seeks to proceed to trial, offers to a new tribunal the opportunity to overturn the decision reached by the original finders of fact. If the original decision is not disturbed by the finding of the subsequent tribunal, this interest of double jeopardy is not offended. If the original decision has foreclosed the question to be decided by the retrial then the retrial cannot be permitted.

*Id.,* 498 Pa. at 115–116, 445 A.2d at 94. Under this approach, it was clear that simple assault is a constituent element of all grades of homicide. Because the first jury had found the defendant not guilty of assault, therefore, a second jury was precluded from finding that defendant had committed any degree of homicide. See also and compare: *Commonwealth v. McCane, supra; Commonwealth v.*

*Pounds*, 281 Pa.Super. 19, 421 A.2d 1126 (1980); *Commonwealth v. Jones*, 274 Pa.Super. 162, 418 A.2d 346 (1980).

These cases teach that the constitutional bar against double jeopardy will preclude retrial of a criminal charge upon which a jury has deadlocked if the same jury has also acquitted the defendant of a constituent offense. In such cases, the acquittal of the constituent offense necessarily prevents retrial of the offense on which the jury could not agree upon a verdict.

In the instant case, the jury found appellant not guilty of third degree murder. Third degree murder is an unlawful killing of another with malice. *Commonwealth v. Young*, 494 Pa. 224, 227, 431 A.2d 230, 232 (1981); *Commonwealth v. Carter*, 481 Pa. 495, 498–499, 393 A.2d 13, 15 (1978). "Murder of the third degree is a killing done with legal malice but without specific intent to kill." 17 P.L.E., Homicide § 14. It seems clear, therefore, that third degree murder is a constituent offense of first degree murder. "Malice aforethought is the general intent prerequisite to a finding of murder" in any degree. *Commonwealth v. Weinstein*, 499 Pa. 106, 115, 451 A.2d 1344, 1348 (1982). First degree murder is an unlawful killing committed not only with malice but also with a specific, fully formed intent to kill. See: *Commonwealth v. Reilly*, 519 Pa. 550, 564, 549 A.2d 503, 510 (1988); *Commonwealth v. Weinstein*, *supra; Commonwealth v. Holzer*, 480 Pa. 93, 98, 389 A.2d 101, 104 (1978).

In the instant case, when the jury found appellant not guilty of third degree murder it found that he was not guilty of committing a malicious killing. A second jury could not find appellant guilty of first degree murder without overturning the decision of the original fact finder. To permit the Commonwealth to seek such a result in a second trial would be to contravene the constitutional guarantees against double jeopardy. *Commonwealth v. Zimmerman*, *supra*. We hold, therefore, that the jury's finding that appellant did not commit the crime of third degree murder bars retrial on a charge of first degree murder.

The Supreme Court's decision in *Commonwealth v. Terry*, 513 Pa. 381, 521 A.2d 398 (1987), upon which the Commonwealth relies, is inapposite. In *Terry*, the Supreme Court exercised its supervisory power to establish a policy requiring, in homicide cases, that a trial court not record verdicts of not guilty on lesser included degrees of homicide after the jury has returned a verdict of guilty on a higher degree of homicide. The purpose of this policy was to limit the Court's previous holding in *Commonwealth v. Beck*, 502 Pa. 78, 464 A.2d 316 (1983),[1] to non-capital cases and to insure that, in the event of the grant of a new trial following a first degree murder conviction, the defendant could also be retried on lesser degrees of homicide. In this manner, the Court avoided any possible conflict with the decision of the United States Supreme Court in *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), where the Supreme Court of the United States had held that juries in capital cases must be permitted to consider lesser included degrees of homicide which are reasonably implicated by the evidence. Instantly, appellant was not convicted of first degree murder. Therefore, the decision in *Commonwealth v. Terry, supra,* is not applicable. Here, the question is whether appellant can be retried on a charge of first degree murder after a jury has acquitted him of third degree murder. To allow a second prosecution under these circumstances, as we have observed, would subject appellant to be tried a second time on a charge of an unlawful killing with malice and would permit a second jury to nullify the facts found by the first jury. This is precisely what is prohibited by constitutional guarantees against being placed twice in jeopardy for the same offense. It follows that appellant cannot be retried for murder of the first degree.

1. In *Commonwealth v. Beck,* the defendant had been found guilty of third degree murder and not guilty of voluntary manslaughter. When a new trial was granted on the third degree murder charge, the jury's not guilty verdict on the charge of voluntary manslaughter precluded the second jury's finding that appellant was guilty of that offense rather than third degree murder.

■ The jury was also unable to decide whether appellant was guilty of aggravated assault in connection with the shooting of Michael Auchenbach. Appellant had been charged with violating 18 Pa.C.S. § 2702(a)(1), which defined aggravated assault as an "attempt[ ] to cause serious bodily injury to another or caus[ing] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" and 18 Pa.C.S. § 2702(a)(4), which made it an aggravated assault to "attempt[ ] to cause or intentionally or knowingly cause[ ] bodily injury to another with a deadly weapon."

Neither the briefs filed by the parties nor the inadequate record forwarded to this Court disclose any factual basis for an aggravated assault other than the shooting.[2] Thus, it appears that the Commonwealth relied upon the same shooting to establish both aggravated assault and homicide. As such, it was a single act of shooting which formed the basis for the Commonwealth's charges of murder and aggravated assault against appellant. To sustain convictions for either murder or aggravated assault, the Commonwealth was required to prove beyond a reasonable doubt that appellant, individually or as an accomplice, had been criminally responsible for shooting Auchenbach.

■ It was also necessary to show that the shooting had been done with malice. Malice "exists not only where there is a particular ill will, but also whenever there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty." *Commonwealth v. Hornberger*, 441 Pa. 57, 61, 270 A.2d 195, 197 (1970). Aggravated assault, as appellant was charged, required a shooting which was done intentionally, knowingly or recklessly. Such a shooting required evidence of malice.

In finding appellant not guilty of third degree murder, however, the jury found that appellant had not been guilty of maliciously shooting Michael Auchenbach. To permit

---

2. Attempts to obtain a record of the trial have been unsuccessful. Apparently, the notes of testimony have not been transcribed.

appellant to be retried for aggravated assault, therefore, would be to permit the Commonwealth a second opportunity to prove appellant's guilt of maliciously shooting Auchenbach. It would permit a second fact finder to nullify the finding of the first jury that appellant was not guilty of shooting Auchenbach with malice. This, as we have already observed, is the precise scenario which constitutional guarantees against double jeopardy were intended to prevent. Because in this case a malicious shooting is a constituent element of both third degree murder and aggravated assault, the jury's finding that appellant was not guilty of third degree murder, i.e., a malicious shooting, precludes a second trial for aggravated assault.

The order of the trial court is reversed. Because a retrial on charges of first degree murder and aggravated assault is barred by constitutional guarantees against double jeopardy, such charges are dismissed.[3]

**3.** There is no merit in appellant's contention that the trial court declared a mistrial without manifest necessity therefor. The record discloses that the jury had been unable to agree upon a verdict after thirteen (13) hours of deliberation. Under these circumstances, the trial court could properly declare a mistrial. *Commonwealth v. Murry,* 498 Pa. 504, 447 A.2d 612 (1982); *Commonwealth v. White,* 476 Pa. 350, 382 A.2d 1205 (1978); *Commonwealth v. Smith,* 324 Pa.Super. 156, 471 A.2d 510 (1984).