J-S66020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN DOLORES QUILES | : | |
| | : | |
| Appellant | : | No. 928 EDA 2019 |

Appeal from the PCRA Order Entered September 26, 2018
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000531-2013

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                          Filed: June 18, 2020

Appellant Edwin Dolores Quiles appeals *pro se* from the order dismissing his first timely Post Conviction Relief Act[1] (PCRA) petition. This case returns to us after we remanded for a hearing under **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Appellant, now proceeding *pro se*, raises challenges to the imposition of consecutive sentences and the effectiveness of his counsel on direct appeal, among numerous other claims. For the reasons that follow, we affirm.

In resolving Appellant's direct appeal, this Court set forth the factual history of this case as follows:

> On October 24, 2013, Appellant and his co-defendant pulled into a gas station in Pike County, Pennsylvania. Appellant went into

---

[1] 42 Pa.C.S. §§ 9541-9546.

the gas station, while his co-defendant made a pre-arranged sale of heroin to an undercover member of the Pike County Detective's Office. Following the controlled buy, Police Officer Joseph Ostrom entered the gas station and placed Appellant under arrest, while other officers took his co-defendant into custody.

Officers transported Appellant to the Pike County Detective Bureau Office, where Chief Detective Michael Jones and Officer Ostrom interviewed Appellant. At the beginning of the interview, which was conducted in English, Chief Detective Jones advised Appellant of his rights pursuant to **Miranda**. Appellant acknowledged his rights, signed a written waiver of those rights, and spoke with Chief Detective Jones and Officer Ostrom. Appellant also signed written consent forms for the search of his automobile and his cellular phone.

Appellant was arrested and charged with two counts of delivery of a controlled substance,[2] one count of criminal conspiracy to deliver a controlled substance, and related possession charges. Appellant filed a motion to suppress, seeking to suppress statements he gave to investigators and the evidence the investigators recovered in his phone and car on the grounds that he did not sufficiently understand English and was under the influence of heroin at the time he waived his rights and consented to the search.

The trial court held a hearing on the motion, at which Chief Detective Jones, Officer Ostrom, and Appellant testified. The trial court denied the motion.

Appellant proceeded to a jury trial, and the jury convicted him of two counts of delivery of a controlled substance, and one count of criminal conspiracy to deliver a controlled substance. [The trial court ordered a pre-sentence investigation (PSI)].

---

2 The first delivery count was for 1.18 grams of heroin on October 17, 2013. N.T. Trial, 1/12/15, at 7, 32. The second delivery count was for 3.31 grams of heroin on October 24, 2013. **Id.** at 7, 32.

- 2 -

On March 12, 2015, the trial court sentenced Appellant to an aggregate term of nine to thirty years of imprisonment.

***Commonwealth v. Quiles***, 166 A.3d 387, 389 (Pa. Super. 2017) (***Quiles I***) (footnote and some formatting altered).

Appellant timely appealed, and this Court, on June 23, 2017, affirmed Appellant's convictions but vacated his judgment of sentence and remanded for resentencing and for determination of his Recidivism Risk Reduction Incentive (RRRI) eligibility. ***Id.*** at 395. On February 8, 2018, the trial court resentenced Appellant to an aggregate sentence of nine to thirty years' imprisonment, which consisted of three consecutive terms of three to ten years' incarceration, and found Appellant was eligible for a RRRI sentence of eighty-one months.[3] Order, 2/9/18, at 1-2.[4]

On February 20, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed PCRA counsel, who filed an amended PCRA petition on May 7, 2018.

In relevant part, the amended PCRA petition stated as follows:

8. That [Appellant] believes the convictions received arose from the same incident and therefore consecutive sentences are not appropriate in this matter.

_____

[3] The resentencing hearing transcript was not transmitted to this Court as part of the certified record.

[4] The order was docketed one day after the trial court imposed sentence.

9. That [Appellant] attempted to advise trial counsel [(Robert Reno, Esq.)] of his desire to appeal his sentence based on these grounds, but was not contacted back by trial counsel.

10. That trial counsel was ineffective for failing to discuss with [Appellant] issues for appeal.

\* \* \*

14. That [Appellant] requests that if the court deems trial counsel ineffective, [Appellant] requests . . . a re-sentencing in this matter to a concurrent sentence within the standard guidelines . . . or the ability to file an appeal on these issues[.]

Am. PCRA Pet., 5/7/18, at 2 (unpaginated).

On August 31, 2018, the PCRA court held an evidentiary hearing, at which Appellant and Attorney Reno testified. On September 26, 2018, the PCRA court denied Appellant's PCRA petition.

Appellant filed a *pro se* notice of appeal, which was timestamped on October 15, 2018.[5] In his notice of appeal, Appellant stated five claims,

_____

[5] Unfortunately, Appellant's *pro se* notice of appeal was not docketed in the PCRA court. As a result, Appellant filed a second *pro se* notice of appeal, which the PCRA court docketed on March 11, 2019. On April 9, 2019, the PCRA court issued an order instructing Appellant to comply with Pa.R.A.P. 1925(b), which the PCRA court served on Appellant. Appellant timely filed his *pro se* Rule 1925(b) statement, which we discuss in further detail below.

On June 20, 2019, this Court issued a rule to show cause why Appellant's appeal should not be quashed due to an apparent untimely appeal from the PCRA court's September 26, 2018 order. Appellant filed a response enclosing his *pro se* October 2018 notice of appeal, but did not enclose any proof of mailing. As a result, this Court quashed Appellant's appeal on September 20, 2019.

*(Footnote Continued Next Page)*

- 4 -

including claims that the imposition of consecutive sentences was inappropriate and that trial and PCRA counsel were ineffective. Notice of Appeal, 10/15/18, at 1-2 (unpaginated).

Appellant's timely filed a *pro se* Rule 1925(b) statement raising thirteen issues, including challenges to (1) the legality and discretionary aspects of the consecutive sentences imposed by the trial court, and (2) trial counsel effectiveness in the direct appeal.[6] Additionally, Appellant raised

*(Footnote Continued)* ———————

On October 7, 2019, Appellant filed a *pro se* application for reconsideration of this Court's September 20, 2019 order. Appellant's application attached proof of mailing of his October 2018 notice of appeal. Meanwhile, on August 20, 2019, the PCRA court transmitted a supplemental record to this Court enclosing Appellant's timestamped October 2018 notice of appeal, which the PCRA court stated was inadvertently omitted from the docket. As a result, on October 11, 2019, this Court vacated its quashal and reinstated Appellant's appeal as timely filed on October 15, 2018.

On January 10, 2020, this Court remanded for a ***Grazier*** hearing, which occurred on February 5, 2020. On February 7, 2020, the trial court issued an order stating that Appellant knowingly, intelligently, and voluntarily waived his right to PCRA appellate counsel and wished to proceed *pro se*. Order, 2/7/20.

[6] In full, Appellant's Rule 1925(b) statement stated:

> 1. Was [Appellant] as an innocent person subjected to an unlawfully induced guilty plea as a result of counsel's deficient performance and guidance?
>
> 2. Did counsel offer [Appellant] adequate time [to] confer and prepare for trial?
>
> 3. Was [Appellant] pressured into pleading guilty against his wish to go to trial?

*(Footnote Continued Next Page)*

*(Footnote Continued)* ――――――――

4. Had counsel investigated properly, such issues as evidence that was false but presented as truth by police officer[s], (license plate that targeted [Appellant], that wasn't [Appellant's] plate number), such falsehoods, intentionally injected into [Appellant's] case, while known by officer[s] to be false, against the rules of criminal procedure, §4902, §4903, §4904 & §4952, regarding perjury related to Police Officer[s] & District Attorney, false information to authorities ([c]ourt), would the outcome have been different, and would the adjudication of guilt or innocence been impossible?

5. By a preponderance of the evidence, had counsel moved to compel, it would have been clear that there was not evidence to support the allegations against [Appellant], since the alleged evidence that police claim exist, doesn't offer any proof [Appellant] being guilty of any crime, [h]ad counsel investigated?

6. Was the weight of the evidence insufficient to convict or prosecute?

7. Is [Appellant] currently serving an illegal sentence, whereas, consecutive sentences are in violation of the rights secured to [Appellant] under the United States Constitution, and Pennsylvania Constitution, and not supported by statute, should have merged as in ***Com. v. Zimmerman***, 498 Pa. 112, 119, 445 A.2d 92, 96 (1981); ***Brown v. Ohio***, 432 U.S. 161, 168 . . . (1977); ***Com. v. Tarver***, 493 Pa. 320, 426 A.2d 569 (1981), U.S. Const. Amend. 5, 14, [t]hat is, Fifth Amendment Double Jeopardy protections prohibit "multiple punishment for the same offense.[] ***Com. v. Mills***, 477 Pa. 163, 169, 286 A.2d 638, 641 (1971); ***Com. v. Goldhammer***, 512 Pa. 587, 517 A.2d 1280 (1986); ***Com. v. Steven Keith Anderson***, 538 Pa. 574, 650 A.2d 20, 1994 LEXIS 569.

8. Was [Appellant] misle[]d and manipulated by counsel to ensure a guilty plea, and for failure to construct a strategy of a defense, which would've been proper, since the evidence was factually so lacking and insufficient to support a prosecution or conviction.

*(Footnote Continued Next Page)*

several claims referring to a guilty plea[7] and trial counsel's failure to investigate and present evidence favorable to the defense.

The PCRA court prepared a Rule 1925(a) opinion.[8]

_____
*(Footnote Continued)* _____

> 9. Was [Appellant] subjected to a malicious prosecution, and counsel aided the prosecution, instead of acting as an advocate for his client.
>
> 10. Did a miscarriage of justice occur, when [Appellant] entered a guilty plea that was not entered intelligently, voluntarily, or knowingly, while being under such duress/pressure of counsel's inappropriate influences?
>
> 11. Did [c]ounsel fail to investigate exculpatory evidence, and fail to raise issues that would have benefited [Appellant] greatly?
>
> 12. Was [Appellant's] counsel incompetent, and ineffective for failing to raise issues, investigate an alibi defense?
>
> 13. Since [Appellant] speaks very little [E]nglish, did he understand what he was being told, during the proceeding where he entered his guilty plea, while being advised to do so by ineffective counsel?

Appellant's Rule 1925(b) Statement, 4/18/19.

[7] Appellant raises numerous claims regarding guilty pleas he allegedly entered on January 15, 2015, *see* Appellant's Brief at 1, but he was tried by a jury and convicted on January 13, 2015. *See* Docket; *Quiles I*, 166 A.3d at 389.

[8] We note that the PCRA court, as well as the Commonwealth's brief, address two of the issues that were stated in Appellant's notice of appeal, specifically, the imposition of consecutive sentences and whether trial counsel was ineffective. PCRA Ct. Op., 5/6/19, at 3-7; *see also* Notice of Appeal at 1-2 (unpaginated).

Pennsylvania Rule of Appellate 904, which states the requirements for the contents of a notice of appeal, does **not** require an appellant to list issues. *(Footnote Continued Next Page)*

On appeal, we restate Appellant's issues that he raised in his appellate brief as follows:[9]

1. Imposition of consecutive sentences are illegal.

2. Unreasonable sentence.

3. Generalized claim that trial and PCRA counsel were ineffective, including a failure to "address the issues at the sentencing stage regarding problems there, (consecutive sentence/extremely harsh sentence, and actual innocence, etc[.]")[.]

4. Unlawful guilty plea.

5. Police fabricated evidence.

6. Counsel was ineffective by failing to properly investigate and prepare a defense for Appellant.

7. Challenge to the sufficiency of evidence for his convictions.

*See* Appellant's Brief at 1-7.

In support of his first two issues, Appellant argues that he is serving an illegal sentence. Appellant's Brief at 2, 8-9. Appellant reasons his

_(Footnote Continued)_ ───────────────────

*See* Pa.R.A.P. 904. In contrast, Rule 1925(b)(4)(vii) specifically states that "[i]ssues **not** included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii) (emphasis added). Therefore, although an appellant must identify all of its issues in the Rule 1925(b) statement or risk waiver, we discern no legal basis for the PCRA court or the Commonwealth to limit their discussion to claims raised in Appellant's notice of appeal. *See id.*

[9] We have reordered the issues presented in Appellant's brief. We note Appellant's *pro se* appellate brief does not comply with the Rules of Appellate Procedure and therefore, it is difficult to identify Appellant's issues.

sentence is illegal because his convictions[10] should have merged, "but were erroneously ordered by the [trial court] to run consecutive, which clearly altered the outcome, causing the illegality of 'Double Jeopardy' . . . ." *Id.* at 2, 8-9. Appellant also raises a similar claim that his sentence was "[e]xtremely [h]arsh" and was "clearly unreasonable in regards to the erroneously imposed consecutive sentences . . . ." *Id.* at 3.

In response, the Commonwealth argues that Appellant "has already challenged the imposition of consecutive sentences in a previous appeal" to this Court. Commonwealth's Suppl. Brief at 10.[11] The Commonwealth reasons that because Appellant previously litigated the issue, "the PCRA court appropriately determined that the consecutive sentence issue had already been considered" and rejected by the *Quiles I* Court. *Id.* at 11.

The PCRA court similarly claimed that Appellant had previously "challenged the imposition of consecutive sentences" on direct appeal. PCRA Ct. Op. at 4. The PCRA court reasoned that

> [s]ince the Appellant's initial appeal raised the issues of consecutive periods of incarceration and imposition of a sentence greater than the lawful maximum, including RRRRI eligibility,

---

[10] As set forth above, a jury convicted Appellant of two counts of delivery of a controlled substance and one count of conspiracy to commit delivery of a controlled substance. *Quiles I*, 166 A.3d at 390.

[11] The Commonwealth's initial brief had argued that this Court should quash the appeal due to an untimely notice of appeal. Because Appellant did, in fact, timely appeal, the Commonwealth filed a supplemental appellate brief.

and the [**Quiles I**] Court remanded for the sole purpose of re-sentencing to include RRRI eligibility and **not to alter the consecutive nature** of the previous sentence, the PCRA [c]ourt determined that the consecutive sentence issue was considered and rejected by the Superior Court.

**Id.** (emphasis added).[12]

The PCRA court nonetheless addressed the merits and concluded that the imposition of three consecutive sentences of three to ten years' incarceration "was entirely permissible." **Id.** at 5. The PCRA court noted that "imposition of consecutive sentences is solely within the discretion of the trial court," and that the trial court had the benefit of a PSI. **Id.** The PCRA court's opinion did not address Appellant's claim of illegality due to merger. **See** Appellant's Rule 1925(b) Statement at ¶ 7; Appellant's Brief at 2.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). We may

---

[12] The Commonwealth and PCRA court are incorrect that Appellant challenged the imposition of consecutive sentences in his direct appeal. Appellant argued only that he was RRRI eligible. **See Quiles I**, 166 A.3d at 392 ("Appellant . . . avers that he is RRRI eligible, and the trial court did not have sufficient information at the sentencing hearing with which to determine that his criminal record for assault in Connecticut rendered him RRRI ineligible."). The **Quiles I** Court never held that the trial court should "**not . . . alter the consecutive nature**" of Appellant's sentences. **See** PCRA Ct. Op. at 4 (emphasis added).

- 10 -

also affirm on any basis. ***Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

As to Appellant's claim that the trial court imposed illegal consecutive sentences, we note that the "PCRA 'provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief.'" ***Commonwealth v. Jackson***, 30 A.3d 516, 518 (Pa. Super. 2011) (quoting 42 Pa.C.S. § 9542)). A timely challenge to the "legality of sentence is always subject to review within the PCRA . . . ." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence." ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012) (citation omitted).

> By way of guidance:
>
> Under Pennsylvania law, "[m]erger of offenses is appropriate where: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." In relevant part, these factors are drawn directly from the statutory framework established at 42 Pa.C.S. § 9765.

***Commonwealth v. Hernandez***, ___ A.3d ___, ___, 2020 WL 1149640, *4 (Pa. Super. 2020) (citation omitted).

In determining whether there is a single or multiple criminal acts, if "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be

guilty of multiple crimes which do not merge for sentencing purposes."

***Commonwealth v. Pettersen***, 49 A.3d 903, 912 (Pa. Super. 2012)

(citation omitted). Criminal acts occurring on different dates may be

considered multiple criminal acts. ***Commonwealth v. Robinson***, 931 A.2d

15, 24 (Pa. Super. 2007) (*en banc*) (holding no merger for three criminal

acts occurring in 1997, 1999, and 2000). ***Cf. Pettersen***, 49 A.3d at 912

(holding no merger for three aggravated assault convictions against one

victim, when "time between the separate acts was relatively short" because

each assault involved a different weapon and resulted in distinct injuries).

"[T]he crime of delivering a controlled substance requires, quite

obviously, the delivery thereof to another person." ***Commonwealth v.***

***Pitner***, 928 A.2d 1104, 1111 (Pa. Super. 2007) (citation omitted).

"[C]onspiracy does not merge with the completed offense which was the

object of the conspiracy," *i.e.*, delivery of a controlled substance.

***Commonwealth v. Miller***, 364 A.2d 886, 886 (Pa. 1976).

Here, Appellant argues that his two delivery of a controlled substance

(delivery) and one conspiracy conviction should have merged for sentencing.

Appellant's Brief at 2. We disagree for two reasons. First, Appellant's

conspiracy conviction does not merge with either of his delivery convictions.

***See Miller***, 364 A.2d at 886. Second, his two delivery convictions occurred

on different dates: the first delivery occurred on October 17, 2013, for 1.18

grams of heroin, and the second delivery was on October 24, 2013, for 3.31

grams of heroin. **See** N.T. Trial, 1/12/16, at 7, 32. Because the two deliveries occurred on different dates and are separate criminal acts, Appellant's delivery convictions do not merge for purposes of sentencing. **See Petterson**, 49 A.3d at 912; **Robinson**, 931 A.2d at 24. Because Appellant's convictions do not merge, he has not raised a challenge to the legality of his sentence that would entitle him to PCRA relief. **See Fahy**, 737 A.2d at 223; **Quintua**, 56 A.3d at 400; **Jackson**, 30 A.3d at 518.

To the extent Appellant challenges the imposition of consecutive sentences as "[e]xtremely [h]arsh" and "clearly unreasonable," that argument addresses the discretionary aspects of his sentence, **see Commonwealth v. Lloyd**, 878 A.2d 867, 873 (Pa. Super. 2005), and is not cognizable under the PCRA. **See generally** 42 Pa.C.S. § 9543(a)(2)(vii) (stating that the "imposition of a sentence greater than the lawful maximum" is the only sentencing claim cognizable under PCRA). Therefore, we agree with the PCRA court that Appellant is not entitled to relief, albeit on grounds different than that articulated by the PCRA court. **See Clouser**, 998 A.2d at 661 n.3.

Appellant next claims that Attorney Reno, his trial counsel, was ineffective. Appellant's Brief at 3. Appellant, however, does not identify those issues with any specificity other than "consecutive sentence/extremely harsh sentence, and actual innocence." **Id.**

In response, the Commonwealth argues that the PCRA hearing testimony established Attorney Reno "discussed all issues of concern" with Appellant and explained that counsel "did not raise certain issues . . . because they were frivolous." Commonwealth's Suppl. Brief at 16. The Commonwealth claims that "with respect to . . . the imposition of his sentence, those issues were raised on the initial appeal" by Attorney Reno. *Id.* at 17. The Commonwealth concludes that Appellant failed to meet the standards set forth in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). *Id.*

The PCRA court did not explain its reasoning in detail. It held that Appellant "failed to fulfill all three prongs of the **Pierce** Test, and that he failed to overcome the presumption that trial/appellate counsel was effective." PCRA Ct. Op. at 6.

Initially, we hold Appellant "has waived his issue by neglecting to present appropriate argument and citation on appeal." **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citation omitted). Although we construe his *pro se* argument liberally, **Commonwealth v. Postie**, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015), Appellant has not addressed the factors for finding ineffective assistance of counsel under **Pierce**. Appellant has not argued that "(1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the

result of the proceeding would have been different absent such error."
***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa. 2011) (citing ***Pierce***,
527 A.2d at 975).

In any event, even if we presumed that Appellant preserved a claim
that Attorney Reno was ineffective by not raising a challenge to the
imposition of consecutive sentences, Attorney Reno testified at the PCRA
hearing that he did, in fact, raise the issue of consecutive sentences in the
Rule 1925(b) statement. N.T. PCRA Hr'g at 15. Attorney Reno also testified
that raising the consecutive-sentence issue would be frivolous. ***Id.*** at 19.
Appellant has not explained why Attorney Reno's decision lacked any
reasonable basis. ***See Dennis***, 17 A.3d at 301 (stating the ***Pierce*** factors).
For these reasons, we affirm the PCRA court's order, although on different
grounds. ***See Clouser***, 998 A.2d at 661 n.3.

In his remaining claims, Appellant asserts that he entered an unlawful
guilty plea, the police fabricated the evidence against him, PCRA counsel was
ineffective, and trial counsel was ineffective for failing to investigate and
prepare a defense. However, we conclude that Appellant has not preserved
these claims for review.

Pennsylvania Rule of Appellate Procedure 302 states that "[i]ssues not
raised in the lower court are waived and cannot be raised for the first time
on appeal." Pa.R.A.P. 302. For example, in ***Commonwealth v. Roney***, 79
A.3d 595 (Pa. 2013), our Supreme Court found that the defendant waived

an issue because he failed to present it to the PCRA court. ***Roney***, 79 A.3d at 611. Furthermore, claims of PCRA counsel's ineffectiveness cannot be raised for the first time on appeal. ***Commonwealth v. Ford***, 44 A.3d 1190, 1200-01 (Pa. 2012) (holding, "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court," and "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.").

Turning to the instant case, Appellant's amended PCRA petition only raised claims that consecutive sentences were inappropriate and trial counsel was ineffective for failing to raise various claims on direct appeal. Appellant, therefore, cannot raise and preserve issues that were never presented to the PCRA court. ***See*** Pa.R.A.P. 302; ***Roney***, 79 A.3d at 611. To the extent that Appellant challenges PCRA counsel's ineffectiveness, he cannot raise such a claim for the first time on appeal. ***See Ford***, 44 A.3d at 1200-1201. For these reasons, we affirm the order below. ***See Ousley***, 21 A.3d at 1242.

Order affirmed. Appellant's *pro se* motion to "prohibit the use of the Commonwealth's brief" is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/18/20</u>