J-A06005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ANDRE MARCUS JOHNSON | |
| Appellee | No. 1636 EDA 2019 |

Appeal from the Order Entered May 7, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0004578-2018

BEFORE:  STABILE, J. KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 06, 2020**

The Commonwealth of Pennsylvania appeals from the trial court's May 7, 2019 order denying the motion of Appellee, Andre Marcus Johnson, to dismiss this prosecution on grounds of double jeopardy[1] pursuant to Pa.R.Crim.P. 587.  At the first trial, the jury found Appellee not guilty of third-degree murder and possession of a concealed weapon with intent to use it in

---

[*] Former Justice specially assigned to the Superior Court.

[1]  The Double Jeopardy clauses of the United States and Pennsylvania Constitutions forbid a second trial "for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding."  **Commonwealth v. McMullen**, 745 A.2d 683, 686-87 (Pa. Super. 2000), **appeal denied**, 761 A.2d 549 (Pa. 2000).  The Pennsylvania and federal Double Jeopardy Clauses are co-extensive in scope and nearly identical in language.  **Id.** (citing U.S. CONST. amend. V; PA CONST. art. I, § 10).

a crime.[2] According to the verdict, the jury found that Appellee did not shoot the victim and was not in possession of a gun. The jury was deadlocked on second-degree murder, robbery, and criminal use of a communication facility.[3] For reasons that are unclear, the trial court gave an accomplice liability instruction for second-degree murder and robbery, but not for any other offense. N.T. Jury Charge, 2/27/19, at 9. The trial court therefore directed that the Commonwealth may retry Appellee as an accomplice to second-degree murder but, given Appellee's acquittal for third-degree murder, the Commonwealth must prove Appellee was the non-shooting accomplice. The trial court reasoned that the jury, in acquitting Appellee of third-degree murder, found as fact that he was not the shooter. Thus, the doctrines of double jeopardy and collateral estoppel bar the Commonwealth from suggesting otherwise on retrial. After careful review, we affirm.

The underlying facts are as follows. The dead body of the victim, Desmond Johnson (no relation to Appellee), was found lying on Carson Alley just after midnight on April 17, 2018. The cause of death was a single gunshot wound, and the death was ruled a homicide. Police recovered a single .40 caliber shell casing at the end of a 200-foot trail of blood leading away from the victim's body. They never found the murder weapon. Messages from a

---

[2] 18 Pa.C.S.A. §§ 2502(c) and 907(b).

[3] 18 Pa.C.S.A. §§ 2502(b), 3701, and 7512.

cell phone found in the victim's hand revealed that Appellee arranged to purchase marijuana from the victim shortly before his death. Appellee admitted as much.

Surveillance footage showed Appellee and a friend, D'ontae Parker, in Carson Alley minutes before the arranged drug deal. Parker walked off camera in the direction of the location where police found the spent .40 caliber casing. Appellee walked in the other direction, apparently to meet the victim. Subsequent surveillance footage from another location depicts Appellee and the victim walking off camera together in the direction of Carson Alley. Police officers reported hearing gunshots in the area within a minute of the time Appellee and the victim walked off camera. Parker refused to answer questions at trial.

A jury trial commenced on February 22, 2019. The Commonwealth argued to the jury that Appellee was either the murderer or Parker's accomplice. The Commonwealth argued that the jury could find Appellee guilty as an accomplice even if it was unsure which party fired the fatal shot. After the jury reached the aforementioned verdicts, the Commonwealth notified the trial court of its intent to retry Appellee on the offenses that deadlocked the jury. Appellee filed his Rule 587 motion seeking to bar retrial. The trial court conducted a hearing on March 27, 2019, and entered the order on appeal on May 7, 2019.

Before we turn to the merits of the double jeopardy issue, we consider whether this appeal is properly before us. A pretrial order denying a defendant's non-frivolous double jeopardy claim is final for purposes of appeal. ***Commonwealth v. Orie***, 22 A.3d 1021, 1024-25 (Pa. 2011). Instantly, however, the Commonwealth is the appealing party even though it defeated Appellee's motion to prohibit retrial (Appellee has not filed a cross appeal). The trial court urges this Court to quash this appeal because the Commonwealth is not an aggrieved party and therefore lacks standing.

The Commonwealth proceeded under Rule 311(d) of the Pennsylvania Rules of Appellate Procedure, which provides as follows:

> **Commonwealth appeals in criminal cases.**--In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d). In the ordinary case, such as an order granting a defendant's motion to suppress evidence, the Commonwealth's good faith certification pursuant to Rule 311(d) is sufficient to permit an immediate appeal. ***Commonwealth v. Boczkowski***, 846 A.2d 75, 86-87 (Pa. 2004). The ruling before us is unusual, however, in that it seemingly adds to the Commonwealth's burden of proving Appellee's guilt as an accomplice.

Accomplice liability, pursuant to 18 Pa.C.S.A. § 306, "requires evidence that the person: (1) intended to aid or promote the substantive offense; and (2) actively participated in that offense by soliciting, aiding, or agreeing to aid

- 4 -

the principal." ***Commonwealth v. Collins***, 957 A.2d 237, 263 (Pa. 2008). Our Supreme Court has held that the Commonwealth need not identify the respective roles of the principal and accomplice in order to obtain a conviction. ***Commonwealth v. Bradley***, 392 A.2d 688 (Pa. 1978). Thus, the Commonwealth claims the trial court has added an extra element to its burden: proof that Appellee was not the principal.

In these circumstances, we conclude that an immediate appeal under Rule 311(d) is appropriate. In the Commonwealth's view, the trial court has imposed an additional—and potentially impossible—element to its burden of proof. If the Commonwealth is correct, then the order before us has at least the same potential to handicap or terminate a prosecution as would the exclusion of vital evidence. We therefore reject the trial court's assertion that the Commonwealth is not an aggrieved party, and we conclude that the Commonwealth's appeal was appropriate under Rule 311(d).

We now turn to the merits. The question is whether, given Appellee's acquittal for third-degree murder, double jeopardy requires the Commonwealth to prove Appellee was not the shooter in order to convict him as an accomplice to second-degree murder. This is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. States***, 938 A.2d 1016 1019 (Pa. 2007).

> It has been stated that 'the principle of double jeopardy serves not one, but three distinct interests. In ascending degrees of importance, they are: (1) an interest in finality which may be overcome relatively easily; (2) an interest in avoiding double

punishment which comes armed with a presumption in the defendant's favor; and (3) an interest in nullification—viz., an interest in allowing the system to acquit against the evidence—which is absolute. These three interests are loosely connected to the notion of ending litigation, and it is this connection that provides textual justification for bringing them under the common 'rubric' of double jeopardy.'

***Commonwealth v. Zimmerman***, 445 A.2d 92, 94 (Pa. 1981) (**quoting *Commonwealth v. Tabb***, 421 A.2d , 183, 187 (Pa. 1980)). The case before us implicates the third, highest priority double jeopardy interest—protecting the "factfinders' absolute right to make the final factual determination on the charges submitted to them." ***Id.*** The operative factual finding in this case is that Appellee did not commit the killing.

Where, as here, a jury returns an acquittal on some charges but deadlocks on others, courts employ principles of collateral estoppel. ***Ashe v. Swenson***, 397 U.S. 436 (1970). In ***Ashe***, the United States Supreme Court held that principles of collateral estoppel are part of the Fifth Amendment's double jeopardy protection, and that these principles apply to the states through the Fourteenth Amendment. Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." ***Id.*** at 443.

The Pennsylvania Supreme Court has explained the applicability of collateral estoppel in the case of a criminal retrial as follows:

> First, collateral estoppel does not require that the offenses charged in the two prosecutions be the same. Second, collateral

> estoppel only bars a redetermination of those issues necessarily determined between the parties in the first proceeding. Third, collateral estoppel requires a final judgment in the first proceeding.

*Commonwealth v. Hude*, 425 A.2d 313, 319 (Pa. 1980). Thus, we must "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* at 319–20 (quoting *Ashe*, 397 U.S. at 444). "Therefore, a person cannot be tried a second time if the jury has decided in his or her favor an issue of ultimate fact essential to a conviction of the offense on which the jury was unable to agree. *Commonwealth v. Hickson*, 586 A.2d 393 (Pa. Super. 1991) (citations omitted), *appeal denied*, 593 A.2d 838 (Pa. 1991).

The petitioner in *Ashe* had been acquitted of the robbery of one of six victims who were playing poker at the time of their robbery. Subsequently, the state successfully prosecuted him for the robbery of another of the six victims. Noting that "the single rationally conceivable issue in dispute before the [first] jury was whether the petitioner had been one of the robbers[,]" the *Ashe* Court held that collateral estoppel barred the petitioner's second trial, where the issue was once again his identity as one of the perpetrators. *Ashe*, 397 U.S. at 445-47.

In *Hickson*, the jury found the defendant not guilty of second- and third-degree murder, voluntary manslaughter, and involuntary manslaughter

- 7 -

but deadlocked as to first-degree murder and aggravated assault. *Hickson*, 586 A.2d at 394. This Court held that double jeopardy barred retrial as to the latter two offenses. *See also, States*, 938 A.2d at 1027 (acquittal after bench trial for accidents involving death barred retrial for vehicular homicide and other offenses where the trial court announced it was not convinced the defendant was the driver of the vehicle); *Zimmerman*, 445 A.2d at 95-96 (holding that an acquittal for first-degree murder and simple assault barred retrial for third-degree murder, voluntary manslaughter, and involuntary manslaughter). *Commonwealth v. Wallace*, 602 A.2d 345, 349-50 (Pa. Super. 1992) (jury acquittal on attempted homicide and assault barred subsequent trial for gun possession where the prosecutor conceded the jury found beyond a reasonable doubt that the defendant did not have a gun).

We now turn to the specifics of the case before us. The trial court offered the following conclusions of law in determining that the Commonwealth, on retrial, must prove Appellee was not the shooter:

> 4. Applying collateral estoppel principles, the issue of whether [Appellee] committed Murder in the Second Degree as an accomplice was not necessarily determined by the jury. It has only been determined that [Appellee] was not the principal in the murder.
>
> 5. Therefore, in any subsequent trial, the Commonwealth may only proceed on an accomplice liability theory of Murder in the Second Degree without running afoul of double jeopardy protections. The Commonwealth cannot argue that [Appellee] was a principal.
>
> 6. Additionally, the Commonwealth will be prohibited at any new trial from asserting that the jury may find [Appellee]

guilty even if the jury is unsure which of the two individuals involved, [Appellee] or Mr. Parker, was the principal who fired the shot.

7. A second jury must not be permitted to convict [Appellee] of Murder in the Second Degree based upon the argument that [Appellee] or Mr. Parker fired the killing shot. To allow this argument would be to allow [Appellee] to be convicted on the possibility that he was the principal when it has been established for all time that [Appellee] did not possess the gun and he was not the shooter.

8. It has been established by the first jury that [Appellee] was not in fact the principal who possessed the gun and fired the killing shot, having found [Appellee] not guilty of Murder in the Third Degree.

9. To hold otherwise would permit a second jury to consider as a possibility a fact that has been resolved, and resolved in [Appellee's] favor.

Findings of Fact and Conclusions of Law, 5/7/19, at 2-3 (pagination ours).

"A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa. C.S.A. § 2502(b). "[I]n order for an accomplice to be liable for felony murder, the killing must be in furtherance of the underlying felony." *Commonwealth v. Laudenberger*, 715 A.2d 1156, 1162 (Pa. Super. 1998).[4]

The Crimes Code defines accomplice in part as follows:

---

[4] The evidence in **Laudenberger** was that the defendant discussed and helped plan the robbery, and that he served as a lookout while it occurred. *Id.* at 1160. The identity of the killer was not in dispute in that case, but it was not Laudenberger.

**(a) General rule.--**A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

**(b) Conduct of another.--**A person is legally accountable for the conduct of another person when:

(1) acting with the kind of culpability that is sufficient for the commission of the offense, he causes an innocent or irresponsible person to engage in such conduct;

(2) he is made accountable for the conduct of such other person by this title or by the law defining the offense; or

(3) he is an accomplice of such other person in the commission of the offense.

**(c) Accomplice defined.--**A person is an accomplice of another person in the commission of an offense if:

(1) with the intent of promoting or facilitating the commission of the offense, he:

(i) solicits such other person to commit it; or

(ii) aids or agrees or attempts to aid such other person in planning or committing it; or

(2) his conduct is expressly declared by law to establish his complicity.

**(d) Culpability of accomplice.--**When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense.

18 Pa.C.S.A. § 306(a-d).  We observe that  306 is titled, "Liability for the conduct of another; complicity."  18 Pa.C.S.A. § 306.  The statute, in accord with its title, describes how the Commonwealth can convict one person who is complicit in the bad conduct of another.

The Commonwealth, however, relies on **Bradley**, for the proposition that it need not prove Appellee's role in the crime in order to obtain a conviction for accomplice liability.  In **Bradley**, the defendant husband and wife were seen in a grocery store arguing with a shopkeeper.  Shortly thereafter, several witnesses reported hearing a gunshot and seeing the defendants running from the store.  The victim, approached by one of the witnesses, said, "Call an ambulance, they shot me."  **Bradley**, 392 A.2d at 689.  On appeal, the defendants challenged the sufficiency of the evidence in support of their third-degree murder convictions, arguing that the convictions could not stand without evidence of which one fired the fatal shot.  Our Supreme Court rejected that claim, reasoning in part as follows:

> Appellant Carol Bradley had a disagreement with the victim. She went home and both appellants returned to the store together.  Appellant Carol Bradley was 'swearing' and thus was obviously angry as she returned to the store.  Both appellants were arguing with the victim in the store and both appellants fled together. The victim, before he died, said '. . . they shot me.' All of these facts support the jury's finding beyond a reasonable doubt that appellants were acting together in the killing of the victim, and thus support the finding of murder in the third degree.
>
> The evidence adequately established that one of the Bradleys was the actor and that the other was an accomplice. Under our law it is now axiomatic that the actor and his accomplice share equal responsibility for the act.  **Thus it was not incumbent upon the prosecutor to identify their respective roles**.

**Id.** at 690 (citations omitted; emphasis added); **see also**, **Commonwealth v. Wilson**, 426 A.2d 575 (Pa. 1981) (The evidence […] established that regardless of who actually fired the fatal bullet, appellant and his companions

- 11 -

acted in concert and collusion.  Appellant is thus responsible for the crime as an accomplice or co-conspirator even if the shot in question was not fired from his gun.").

The Commonwealth, in its very short written argument, cites *Bradley* and claims that the jury need not issue a finding that contradicts the prior jury, because all it has to do is find that Appellee was at least an accomplice. Commonwealth's Brief at 11-13.  "If the jury determines that [Appellee] was involved as one of the two parties to the crime, it stops right there—it does not proceed to the further question of whether he was the shooter or the accomplice." *Id.* at 12-13.  Accordingly, the Commonwealth argues that the jury's prior finding—that Appellee was not the shooter—is not sufficiently similar to the finding the jury must make in the present case. *Id.* at 12.

We acknowledge that this case bears some similarity to *Bradley* in that there is evidence potentially implicating Appellee and Parker as partners in the killing, but apparently no evidence as to who fired the fatal shot.  *Bradley* is distinct, however, in that Appellee and Parker were not tried together, and in that *Bradley* did not involve a retrial and an issue of collateral estoppel. No avenue of conviction—principal or accomplice—had been foreclosed to the Commonwealth as to either defendant in *Bradley*.  The *Bradley* Court did not have to decide what would have happened had one spouse been tried and acquitted as the principal actor and then retried as an accomplice.  *Bradley* does not control the outcome here, because in this case we must give heed to

the prior jury's absolute right to make final determinations of fact on the issues that were before it. ***Zimmerman***, 445 A.2d at 94.

Here, Appellee's acquittal as the principal actor in a third-degree murder forecloses the Commonwealth from convicting Appellee as anything but an accomplice to second-degree murder. On retrial, therefore, the Commonwealth cannot suggest to the jury that it can find Appellee guilty of second-degree murder even if it is unsure whether he was the principal or accomplice. To hold otherwise would be to nullify the prior jury's finding of fact, and deprive it of finality. On retrial, the Commonwealth can obtain a conviction for second-degree murder if and only if it establishes Appellee's liability for the conduct of another in accord with the terms of § 306. We discern no error in the trial court's order.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/20